UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHRISTINA M. BROWN, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>       Defendant. )<br>_____) | Case No. 1:10-cv-705<br><br>Honorable Robert Holmes Bell<br><br><br>**REPORT AND RECOMMENDATION** |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. On September 12, 2006, plaintiff filed her applications for benefits alleging a November 25, 2005 onset of disability.[1] Plaintiff's disability insured status expired on June 30, 2007. Thus, it was her burden on her DIB benefits claim to submit evidence demonstrating that she was disabled on or before June 30, 2007. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claims for benefits were denied on initial review. (A.R. 54-72). On July 8, 2009, she received an administrative hearing (A.R. 18-47), at which she was represented by counsel. On August 3, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R.

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, October 2006 is plaintiff's earliest possible entitlement to SSI benefits.

9-17). On May 28, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On July 22, 2010, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff requests that this matter be remanded to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). (Plf. Brief at 2, docket # 11). Alternatively, plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. The Commissioner's factual finding that plaintiff was not credible "is flawed because a proper credibility analysis was not performed;" and

2. The Commissioner relied on an incomplete hypothetical as substantial evidence for his finding that plaintiff was not disabled.

(*Id.*). Upon review, I recommend that plaintiff's request for remand be denied because plaintiff has not satisfied her statutory burden under sentence six of section 405(g). I further recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, because the ALJ's factual finding regarding plaintiff's credibility is so perfunctory that it does not permit meaningful appellate review.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is

defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from November 25, 2005, through June 30, 2007, but not thereafter. (A.R. 11). Plaintiff had not engaged in substantial gainful activity on or after November 25, 2005. (A.R. 11). The ALJ found that plaintiff had the following severe impairments: "bipolar disorder, back pain, and knee pain." (A.R. 11). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 12-14). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR

    404.1567(b) and 416.967(b). She can lift 20 pounds occasionally and ten pounds frequently. She can stand and walk for two hours of an eight hour shift but not continuously. She can sit for six hours of an eight hour shift but not continuously. She cannot crawl, squat, kneel, or climb. She cannot work at unprotected heights or with unprotected moving machinery.

(A.R. 14). The ALJ found that plaintiff's testimony was not fully credible:

    The claimant contends that her impairments are work preclusive. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the residual functional capacity assessment.

    The claimant has complained of back pain for over five years and of knee pain for over ten years. She was not undergoing any therapy when Dr. Lazzar[a] evaluated her and she was not taking any medication for pain. She did not use an assistive device, indicating that her pain did not affect her ambulation. When the claimant presented to CMH of Central Michigan in February, 2006 it was noted that she did not have any mood elevation, flight of ideation or other psychotic or manic symptoms (Exhibit 6F).

    This RFC is generally consistent with and not significantly less restrictive th[a]n the limitations identified in the medical evidence record. While the claimant is certainly restricted as to the types of work she is capable of performing, objective medical evidence fails to establish that these impairments are of sufficient severity to preclude her ability to perform even the jobs identified by the vocational expert in testimony.

    The undersigned has considered the state agency medical opinions. The assessments are not binding on the undersigned, but they must be considered and addressed. The undersigned concurs with the overall findings that the claimant was not disabled.

    As for the opinion evidence, the undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations. There is no evidence in the medical evidence record that any treating physician has found the claimant to have more severe restrictions than those contained in the RFC adopted.

    After careful consideration of the entire record giving reasonable credit to the claimant's testimony and the findings of treating physicians, the undersigned concludes that neither the objective evidence of record nor the claimant's own statements and activities support a conclusion of inability to perform work activities consistent with the residual functional capacity assessment.

(A.R. 14-15). The ALJ found that plaintiff was unable to perform her past relevant work. (A.R. 15). Plaintiff was 21-years-old as of her alleged onset of disability, 23-years-old as of the date her disability insured status expired, and 25-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 15). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 15). The transferability of jobs skills was not material to a disability determination. (A.R. 15). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 25,800 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 43-44). The ALJ found that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 15-16).

**1.**

Plaintiff asks the court to remand this matter to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). (Plf. Brief at 10-11; Reply Brief at 3-4). Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010); *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 483 (6th Cir. 2006). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. The

proffered medical records (docket # 11-2 at ID#s 586-98) are new because they were generated after the ALJ's August 3, 2009 decision. *See Ferguson*, 628 F.3d at 276.

Plaintiff argues that she has shown good cause because the proffered records "did not exist until after the [ALJ's] Decision was issued." (Plf. Brief at 11). "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 485. Plaintiff has not explained why this evidence was not obtained earlier and presented to the ALJ before he rendered his decision. I find that plaintiff has not carried her burden of demonstrating good cause.

In order to establish materiality, plaintiff must show that introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. On May 18, 2010, Casey Smith, M.D., examined plaintiff. Plaintiff gave a social history indicating that she was married and had four children, "ages 3, 6, 8 and 8." (docket # 11-2 at ID# 592). Plaintiff stated that she was taking over-the-counter Aleve for her right knee pain. She reported that she experienced "some problems with back pain and neurologic pain related to that, which she sees a neurologist for." (*Id.*). Plaintiff was diagnosed with "right-sided patellar maltracking and patellofemoral pain." (*Id.* at ID# 593). Dr. Smith recommend conservative treatment, which included taking Tylenol and Aleve on a scheduled basis and a course of anti-inflammatory medications. (*Id.* at ID# 594).

On September 28, 2010, Luke Luetkemeyer, M.D., examined plaintiff. He found that plaintiff was a "healthy 26-year-old female." (docket # 11-2 at ID# 591). He advised plaintiff to stop smoking before undergoing surgery to address her right knee patellar instability. (*Id.*). The same advice was repeated during plaintiff's October 19, 2010 pre-surgical consultation. (*Id.* at ID#s 588-89). On October 27, 2010, plaintiff underwent outpatient surgery on her right knee which consisted of the following procedures: (1) right knee arthroscopy with chrondroplasty of the patella; (2) right buried hardware removal; and (3) right medial patellofemoral ligament reconstruction with semitendinosus cadaver allograft. (*Id.* at ID#s 595-98). A follow-up examination on November 9, 2010, revealed no erythema, induration or drainage. Plaintiff had "good strength with dorsi and plantar flexion" and no pitting edema. She had 2+ dorsalis pedis pulse and a range of motion of 0 to 80 degrees with assist. The progress notes conclude with a notation that plaintiff would return in two weeks for a check on her knee's range of motion. (*Id.* at ID# 586).

These medical records do not purport to assess plaintiff's condition before her disability insured status expired, nor do they address her condition at any time before the date of the ALJ's decision. I find that the proffered evidence would not have reasonably persuaded the Commissioner to reach a different decision on the issue of whether plaintiff was disabled on or before August 3, 2009.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. I recommend that plaintiff's motion for a sentence six remand be denied. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff disagrees with the ALJ's factual finding regarding the credibility of her testimony regarding her subjective functional limitations. (Plf. Brief at 3-7; Reply Brief at 1-2). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "An ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation of their credibility. Therefore, an ALJ's credibility assessment will not be disturbed absent compelling reason." *Reynolds v. Commissioner*, 424 F. App'x 411, 417 (6th Cir. 2011) (citation omitted). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).

Plaintiff argues that the ALJ committed reversible error because his opinion addressed some, but not all seven factors listed in SSR 96-7p.[2] (Plf. Brief at 5). Under SSR 96-7p the ALJ is required to "consider" the seven-listed factors, but there is no requirement that the ALJ discuss every factor. *See White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *see also Coleman v. Astrue*, No. 2:09-cv-36, 2010 WL 4094299, at * 15 (M.D. Tenn. Oct. 18, 2010) ("There

---

[2]SSR 96-7p is a social security ruling addressing the process for assessing the credibility of a claimant's statements regarding his or her symptoms. *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (reprinted at 1996 WL 374186 (SSA July 2, 1996)). "Social Security Rulings do not have the force and effect of law, 'but are binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson*, 628 F.3d at 272 n.1 (quoting 20 C.F.R. § 402.35(b)(1)). The Sixth Circuit has "refrained from ruling whether Social Security Rulings are binding on the Commissioner in the same way as social security regulations, but assume[s] that they are." *Ferguson*, 628 F.3d at 272 n.1.

is no requirement [] that the ALJ expressly discuss each listed factor."); *Roberts v. Astrue*, No. 1:09-cv-1518, 2010 WL 2342492, at * 11 (N.D. Ohio June 9, 2010) ("[T]he ALJ need not analyze all seven factors contained in SSR 96-7p to comply with the regulations."). SSR 96-7p sets forth a list of factors for the ALJ to *consider* in addressing the claimant's credibility. *See White v. Commissioner*, 572 F.3d at 287; *see also Reynolds v. Commissioner*, 424 F. App'x at 417; *Parsons v. Astrue*, No. 1:09-cv-2695, 2011 WL 887618, at * 6 (N.D. Ohio Feb. 17, 2011) ("The ALJ conducted the appropriate analysis pursuant to SSR 96-7p, although not articulated in the manner Plaintiff would prefer."). The ALJ's reference to SSR 96-7p (A.R. 14) indicates that he "considered" all the ruling's factors.

The error in the ALJ's decision requiring reversal is his failure to articulate why he found that plaintiff's testimony was not credible. Plaintiff testified that she had problems with anger and aggression, concentration, anxiety, lack of motivation, and pain all over her body from fibromyalgia. (A.R. 25-38). Rather than undertaking analysis of plaintiff's purported functional limitations and explaining why her testimony with regard to the intensity, persistence, and limiting effects of her impairments was not fully credible, the ALJ resorted to a generic statement: "The claimant contends that her impairments are work preclusive." (A.R. 14). The ALJ then inserted into his opinion one paragraph mentioning portions of the medical record, followed by four paragraphs of boilerplate. (A.R. 14-15). If the ALJ believed that plaintiff's lack of ongoing medical treatment or her extensive daily activities related to raising minor children undercut her claims of disabling functional limitations,[3] it was up to the ALJ to make such a finding. Meaningful appellate review

---

[3]Other portions of the ALJ's opinion hint that this may have been the basis for his adverse credibility determination. (A.R. 12-13). There is obvious tension between the plaintiff's testimony regarding the extent of her daily activities (A.R. 25-38) and other record evidence (A.R. 280, 327,

requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ's opinion is patently deficient in this regard.

**3.**

Plaintiff argues that the ALJ's finding regarding her RFC "failed to account for plaintiff's severe impairment of bipolar disorder which resulted in an incomplete hypothetical." (Plf. Brief at 7). The ALJ found at step 2 of the sequential analysis[4] that plaintiff had the severe mental impairment of bipolar disorder. (A.R. 11-12). The ALJ's RFC finding (as set forth in paragraph five of his opinion) did not include any functional restrictions based on plaintiff's mental impairment. (A.R. 14).

---

334, 351, 364, 389, 518).

[4]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

Defendant argues that the ALJ's omission constituted harmless error because the ALJ implicitly adopted the mental impairment restrictions suggested by State Agency Psychologist Mark Garner, and the ALJ included those restrictions in the hypothetical question he posed to the VE. (Def. Brief at 15-17).  Garner indicated that plaintiff was capable of performing simple, two-step tasks that did not require frequent interaction with others.  (A.R. 303).  The ALJ's hypothetical question included those restrictions.  (A.R. 43).  The VE's response identified 25,800 jobs in the State of Michigan that the hypothetical person would be capable of performing.  (A.R. 44).  The ALJ found that the 25,800 jobs constituted a substantial number of jobs and held that plaintiff was not disabled at step-5 of the sequential analysis.  (A.R. 16-17).

The ALJ did err in not including plaintiff's limitations arising from her nonexertional psychological impairments.  These limitations were, however, fully reflected in the hypothetical questions posed to the VE, whose answers formed the basis for the ALJ's ultimate conclusion against disability.  The failure to include these limitations in the statement of plaintiff's RFC was therefore harmless, as it had no effect on the outcome of the case.

### Recommended Disposition

For the reasons set forth herein,  I recommend that  the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated:  February 27, 2012            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).